**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHILDREN'S LEGAL
SERVICES P.L.L.C,

   Plaintiff,    CIVIL ACTION NO. 07-CV-10255

 VS.         DISTRICT JUDGE AVERN COHN

SIMON KRESCH, et al.,   MAGISTRATE JUDGE MONA K. MAJZOUB

   Defendants.
          /

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR ENTRY OF
PROTECTIVE ORDER AND GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL RESPONSIVE ANSWERS TO
INTERROGATORIES, PRODUCTION OF DOCUMENTS AND DEPOSITION
TESTIMONY**

  This matter comes before the Court on two motions. The first is Defendants' Motion for Entry of Protective Order filed on August 2, 2007. (Docket no. 47). The second is Plaintiff's Motion to Compel Responsive Answers to Interrogatories, Production of Documents and Deposition Testimony filed on August 6, 2007. (Docket no. 48). Plaintiff filed a Response to (Docket #47) Defendants' Motion for Entry of Protective Order on August 30, 2007 and therein referenced its own Brief in Support of its Motion to Compel filed August 6, 2007. (Docket nos. 48, 51). Defendants filed a Response to Plaintiff's Motion to Compel Discovery on September 7, 2007. (Docket nos. 54, 55). The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 52). The Court heard oral argument on October 2, 2007. The matter is now ready for ruling.

**A. INTRODUCTION AND FACTS**

The named parties in this action are law firms and licensed attorneys. Plaintiff and Defendant Kresch make claims related to service mark infringement. On March 9, 2007 Plaintiff served its First Discovery Requests on Defendants. Defendants each served initial responses on April 9, 2007. Defendant Kresch served supplemental responses on June 1, 2007. Defendant Saiontz served supplemental responses on June 7, 2007.

On June 13, 2007, Plaintiff deposed Defendant Kresch. Defendant Kresch declined to answer questions on the following three topics: "1) Who Kresch uses to place advertisements and who his contacts are; 2) The full extent of Kresch's relationship with SKM; and 3) Who Kresch refers 1-800-MY-CHILD calls to." (Docket no. 47 at 5). The deposition concluded and Defendants' counsel indicated that he would file a motion for a protective order. (Docket no. 47 at 5). The parties do not dispute that the deposition concluded in less than seven hours, however they disagree on whether the exact amount of time remaining was one-half hour or "nearly an hour". (Docket no. 47-4 at 4). On August 2, 2007 Defendant filed its Motion for Entry of Protective Order with respect to these three topics. (Docket no. 47). Four days later Plaintiff filed its Motion to Compel.

Plaintiff seeks to compel responses to Plaintiff's Interrogatory Nos. 12, 13, 50 and 51 to Defendant Kresch and Interrogatory Nos. 5, 8, and 69 to Defendant Saiontz. Plaintiff also seeks to compel document production in response to Plaintiff's Request Nos. 56, 57, 63, 65, 66, 70, 76, 81, 82 and 83 to Defendant Kresch and Request Nos. 68, 70 and 71 to Defendant Saiontz. Finally, Plaintiff seeks to compel Defendant Kresch to complete his deposition "by providing non-privileged answers to all questions propounded by Plaintiff's counsel."

B.  **DEFENDANTS' REQUEST FOR PROTECTIVE ORDER**

A stipulated protective order was entered in this matter on June 18, 2007, five days *after* Defendant Kresch's deposition was terminated for the reasons described above. (Docket no. 30). The scope of the stipulated protective order covers 1) information contained in documents, 2) revealed during a deposition and 3) revealed in an interrogatory answer. (Docket no. 30 at 1). Defendant seeks a protective order that it "need not respond" to Plaintiff's requests to admit under Fed. R. Civ. P. 36, document requests under Fed. R. Civ. P. 34, interrogatories under Fed. R. Civ. P. 33, and deposition questions under Fed. R. Civ. P. 30 regarding the three topics. At the hearing Defendants' counsel agreed to provide the information pursuant to a protective order that limits the information for attorneys' eyes only. Plaintiff's counsel argued that Plaintiff already provided similar information to Defendants under the existing stipulated protective order.

The Court has the authority to enter a protective order under Fed. R. Civ. P. 26(c). It is also within the discretion of the district court to modify existing protective orders. *See American Tel. and Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978). Much of the caselaw addressing modification of a protective order arises in the context of a party seeking to lift or modify a protective order to expand the use of classified information. The courts are split as to "whether the burden of showing good cause for continued protection lies with the protected party or with the party seeking modification." *See Omega Homes, Inc. v. Citicorp Acceptance Co.*, 656 F. Supp. 393, 403 (W.D. Va. 1987). However, the courts often note the higher burden on a movant to justify modifying a protective order that was *agreed to* by the parties. *See American Tel. and Tel. Co.*, 594 F.2d at 597; *see also Omega*, 656 F. Supp. at 404 (the parties "fairly agreed to the protective order, apparently through negotiations by their sophisticated and well informed counsel. . . . The court refuses to endorse Omega's tactic of inducing broad disclosure under a set of ground rules and of

then avoiding any limitations on itself by asking the court to come in and change those rules."); *Pettrey v. Enter. Title Agency, Inc.*, 470 F. Supp. 2d 790, 797 (N.D. Ohio 2006) (quoting *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 894 (E.D. Pa. 1981)) ("Defendants 'cannot now attempt to undo what they have willingly wrought; having made their bed, they must now sleep in it.'").

The stipulated protective order in this matter was entered *after* Defendant Kresch's deposition at which the topics Defendants now seek to protect were raised. The existing stipulated protective order addresses the information about which the Defendant is concerned and provides that the "Parties agree not use (sic) information obtained in the course of this proceeding, to compete with each other or to otherwise seek to cause third parties to cancel or curtail their business with the other party." (Docket no. 30 ¶ 7). The stipulated protective order to which Plaintiff and Defendants are parties provides sufficient protection to Defendants in this matter. The Order forbids Plaintiff from using the information to compete with Defendants, or otherwise interfere with Defendants' business. It also offers protection against any information designated as confidential from being a part of the public record; it must be filed under seal. This prevents the information from falling into the hands of competitors who are not bound by the protective order. Defendants made no showing of any alleged injury that would result from disclosure except to make broad allegations of competitive harm. Defendants have failed to meet their burden to show that a new protective order should be entered or that the existing protective order should be modified. The Court denies Defendants' Motion for Entry of Protective Order.

C.     **PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DEPOSITION RESPONSES**

Plaintiff seeks to compel Defendant Kresch's answers to three questions that he refused to answer in his deposition. They are the same topics for which Defendants seek a modified protective order: "(1) who Kresch uses to place his advertisements; (2) the full extent of his relationship with Saiontz; and (3) to whom he refers calls to his MY CHILD toll free numbers." (Docket no. 48 at 15).

Under Fed. R. Civ. P. 26(b)(1), discovery may be had "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Pursuant to Fed. R. Civ. P. 37, the Court has broad discretion to make such orders as are just to redress discovery abuse. *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63 (6th Cir. Mar. 28, 1997) (unpublished).

The information sought by the three questions is relevant to the claims and/or defenses of the parties. The three topics on which Plaintiff seeks to compel Defendant Kresch's answers are subject to the analysis above with regard to the protective order and the analysis below with respect to Interrogatory No. 12 to Defendant Kresch. Furthermore, what markets Defendant's business actually penetrated through use of the mark may be relevant to Plaintiff's claims and defenses. *See Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 269 (4th Cir. 2003). The information sought is relevant to determining the use of the service mark at issue and may also be relevant to identifying the "John Doe" defendants named in Plaintiff's Complaint.

As to the third topic, the individuals or entities to whom Defendant Kresch refers calls made to his MY CHILD toll free numbers are his clients and constitute proprietary information. Although Defendant Kresch is an attorney, this information is not subject to an attorney-client privilege. *See*

5

*U.S. Fire Ins. Co. v. Citizens Ins. Co. of Am.*, 156 Mich. App. 588, 592 (1986) (holding no attorney-client privilege between referring attorney and Plaintiff's attorney who would pay a fee for the referral); *In re Grand Jury No. 83-2-35*, 723 F.2d 447, 451-52 (6th Cir. 1983) ("The federal forum is unanimously in accord with the general rule that the identity of a client is, with limited exceptions, not within the protective ambit of the attorney-client privilege. This rule applies equally to fee arrangements . . . .").

Plaintiff's Motion to Compel will be granted in part as to the deposition topics. The Court will order Defendant Kresch to answer questions regarding whom he uses to place his advertisements pursuant to the existing stipulated protective order. The Court will order Defendant Kresch to answer questions regarding the full extent of his relationship with Defendant Saiontz. The Court will order Defendant Kresch to answer as to the identity of those entities and/or individuals to whom Defendant Kresch refers calls made to his MY CHILD toll free numbers pursuant to the existing protective order.

### D. INTERROGATORY NOS. 12, 13, 50 AND 51 TO DEFENDANT KRESCH

Interrogatory No. 12 requests information relating to Defendants' assertion that television commercials featuring some or all of the phone numbers at issue in this action have run in various markets throughout the United States since 1996. Interrogatory No. 12 seeks information relating to the commercials, the services advertised, the media and market in which they aired, and when they aired. Interrogatory No. 13 requests information regarding Defendant Kresch's relationship with co-defendant Saiontz. Interrogatory No. 50 requests further information regarding Defendant Kresch's use of the marks at issue and use by his predecessor. Interrogatory No. 51 requests the factual basis for Defendant Kresch's assertions that Plaintiff infringed on his mark and that his mark

6

has priority right over Plaintiff's mark. In addition, each of the interrogatories asks for identification of all documents relevant to the Defendant's answer and all persons with knowledge of the answer and further requests the production of any documents identified in the answer. Defendant Kresch provided limited information in response to Interrogatory Nos. 12, 13, 50 and 51 and objected to each as overly broad and unduly burdensome.

As an initial matter, "a party may not use interrogatories as a substitute for a request for production and attempt to circumvent Rule 34 by requesting the attachment of a document. Although a party may learn, through interrogatories, of the existence and location of certain documents, the party must use a request for production to obtain copies of the documents . . . ." 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 33.72 (3d ed. 2007). The Court further notes that Plaintiff's Interrogatories exceed the 25 allowed pursuant to Fed. R. Civ. P. 33 and many contain discrete subparts. For these reasons, the Court will deny in part Plaintiff's Motion to Compel as to Interrogatory Nos. 12, 13, 50 and 51 to the extent that Defendant is asked to produce documents.

In a trademark claim for common law service mark infringement, Defendants' first use, actual use, commercial utilization and continued use of the mark are relevant to the claims and defenses. *See Allard Enters., Inc. v. Advanced Programming Res., Inc.*, 146 F.3d 350, 356 (6th Cir. 1998). Therefore the information sought by Interrogatory Nos. 12, 13, 50 and 51 is relevant. The information sought by Interrogatory No. 13 is relevant to Plaintiff's allegations that the Defendants collaborated to infringe on Plaintiff's rights in the service mark at issue. Finally, some of the information requested by these interrogatories may also be relevant to identifying the additional "John Does" which Plaintiff has named as defendants. The Motion to Compel will be granted in part

and Defendant will be ordered to answer Interrogatory Nos. 12, 13, 50 and 51 except to the extent that they request the production of documents.

E.   **INTERROGATORY NOS. 5, 8 AND 69 TO DEFENDANT SAIONTZ**

Interrogatory No. 5 seeks the identity of each person answering the requests, each source of documents and each person consulted in connection with answering these discovery requests. The Motion to Compel will be granted in part as to Interrogatory No. 5 and Defendant will be ordered to answer the first and third subparts of Interrogatory No. 5, "[i]dentify the person(s) answering these requests" and "each person consulted in connection with answering these discovery requests." The Motion to Compel as to the remainder of the interrogatory will be denied as unduly burdensome and duplicative.

Interrogatory No. 8 asks for extensive information related to any other litigation in which Defendant was a party. Interrogatory No. 69 asks for each email address, mobile phone number, internet username, and instant messaging username used since January 1, 1996 by any employee, associate, partner, paralegal, shareholder or other person who works with Defendant and is involved in the provision, referral or advertisement of legal services connected to the "MY CHILD" mark or any permutation thereof. It further asks for the identity of the website and/or messaging service with which each username was used. Interrogatory Nos. 8 and 69 are unduly broad with multiple subparts, are burdensome and are not limited to the discovery of relevant matters. The Motion to Compel will be denied as to these interrogatories.

F.   **DOCUMENT REQUESTS TO DEFENDANT KRESCH**

   1.   **Document Request Nos. 56, 63, 65, 66 and 76 to Defendant Kresch**

8

Document Request No. 56 asks for a copy of each use in commerce (including advertisements, scripts for telephone operators, web pages and audio and image files) of the MY CHILD mark or any permutation thereof. Request No. 56 also asks for dates of production, information regarding the production facility, and information about when and where the marketing/media was aired or distributed.

Document Request No. 63 asks for all documents and things relating to Defendant's first alleged use of the MY CHILD mark or any permutation thereof for each product or service offered by Defendant. Document Request No. 65 asks for all representative documents and things that identify each service or product ever advertised, offered for sale or sold in the United States by Defendant or his agents under the MY CHILD mark or any permutation thereof. Document Request No. 66 asks for documents that identify past and present trade channels and means of distribution by which services and products sold by Defendant under the MY CHILD mark reach ultimate users, as well as documents relating to any change in the trade channels and distribution since the date of first use of the mark on a service or product.

Document Request No. 76 asks for representative documents that show the geographical area (by city, state and country) of the present distribution and advertising of Defendant's services or products under the MY CHILD mark and the date of distribution or advertising in each city, state and country. Request No. 76 further asks for copies of all invoicing and any syndicated television advertising related to the same.

Document Request Nos. 56, 63, 65, 66 and 76 are subject to the relevancy analysis set forth above for Interrogatory No. 12 to Defendant Kresch. They seek information relevant to determining the use of the mark. The Motion to Compel these document requests will be granted in part and the

9

Court will order Defendant Kresch to produce documents responsive to these requests. The Court will deny Plaintiff's Motion to Compel to the extent that these requests ask for anything other than documents and items within the possession, custody or control of Defendant.

### 2. Document Request Nos. 57, 70, 81, 82 and 83 to Defendant Kresch

Document Request No. 57 asks for "any communication" concerning the MY CHILD mark between the Defendant and any other person. Document Request No. 70 asks for all documents relating to Defendant's marketing or promotional strategy involving the MY CHILD mark, any permutation thereof or the telephone numbers 1-800-692-4453, 1-888-692-4453, 1-800-269-2445 or 1-888-269-2445. Document Request No. 81 asks for all documents consulted, or which were referred to or used in any way in connection with the preparation of Defendant's Answer, Affirmative Defenses or Counterclaim. Document Request No. 82 asks for any document in Defendant's possession "pertaining to" the MY CHILD mark or the telephone numbers 1-800-692-4453, 1-888-692-4453, 1-800-269-2445 or 1-888-269-2445. Document Request No. 83 asks for a copy of "any document that tends to support or detract from [Defendant's] responses to the foregoing discovery."

Rule 34(b), Fed. R. Civ. P., requires that requested documents or items be described with reasonable particularity. Rule 26, Fed. R. Civ. P., allows discovery of any matter, not privileged, "that is relevant to the claim or defense of any party." Document Request Nos. 57, 70, 81, 82 and 83 are overly broad, duplicative, do not describe the documents sought with reasonable particularity and are not tailored to elicit the production of documents relevant to the claims or defenses of the parties. The Court will deny Plaintiff's Motion to Compel as to Request Nos. 57, 70, 81, 82 and 83.

## G. DOCUMENT REQUEST NOS. 68, 70 AND 71 TO DEFENDANT SAIONTZ

Document Request No. 68 asks for a copy of "any communication" concerning the MY CHILD mark between the Defendant and any other person. Document Request No. 70 asks for any document in Defendant's possession "pertaining to" the MY CHILD mark or any permutation thereof. Document Request No. 71 asks for a copy of "any document that tends to support or detract from [Defendant's] responses to the foregoing discovery."

Document Request Nos. 68, 70 and 71 to Defendant Saiontz are overly broad, duplicative, do not describe the documents sought with reasonable particularity and are not tailored to elicit the production of documents relevant to the claims or defenses of the parties. The Court will deny Plaintiff's Motion to Compel as to Request Nos. 68, 70 and 71.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order (docket no. 47) is **DENIED** to the extent that it seeks entry of a new protective order and/or amendment of the existing stipulated protective order and Plaintiff's Motion to Compel (docket no. 48) is **GRANTED** in part and **DENIED** in part as set forth below.

**IT IS FURTHER ORDERED** that Defendant Kresch will complete his deposition testimony by December 5, 2007 with the remainder of the deposition not to exceed one hour as follows: (1) answer pursuant to the existing protective order with information regarding whom he uses to place his advertisements; (2) answer regarding the full extent of his relationship with Defendant Saiontz; and (3) answer pursuant to the existing protective order regarding the entities and individuals to whom he refers calls to his MY CHILD toll free numbers.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel is denied as to Interrogatory Nos. 8 and 69 to Defendant Saiontz, Document Request Nos. 57, 70, 81, 82 and 83 to Defendant Kresch and Document Request Nos. 68, 70 and 71 to Defendant Saiontz.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel is granted in part as to Interrogatory Nos. 12, 13, 50 and 51 to Defendant Kresch and Defendant Kresch will answer these interrogatories and serve his amended answers except to the extent that they request the production of documents, by December 5, 2007.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel is granted in part as to Interrogatory No. 5 to Defendant Saiontz and Defendant Saiontz will answer this interrogatory to identify each person answering the discovery requests and each person consulted in connection with answering the discovery requests and serve its amended answer by December 5, 2007.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel is granted as to Document Request Nos. 56, 63, 65, 66 and 76 to Defendant Kresch, and Defendant Kresch will serve his supplemented responses to these requests as set forth above by December 5, 2007.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 16, 2007         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 16, 2007                s/ Lisa C. Bartlett
                                        Courtroom Deputy