UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHILDREN'S LEGAL SERVICES PLLC,

     Plaintiff,

                                      Case No. 07-10255

-vs-                              Hon. Avern Cohn

SIMON KRESCH,

     Defendant/Counter-Plaintiff,

SAIONTZ, KIRK, & MILES, P.A., and
JOHN DOES 1-10,

     Defendants.

_____/

## MEMORANDUM AND ORDER DENYING
## DEFENDANT'S MOTION FOR RECONSIDERATION

### I. Introduction

This is a service mark infringement case brought under sections 32 and 43(a) of

the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).  On February 29, 2008, the court

entered a memorandum and order denying defendants' motion for summary judgment,

granting Plaintiff Children's Legal Services PLLC's ("CLS") motion for summary

judgment as against Defendant Simon Kresch ("Kresch"), and denying CLS's motion for

summary judgment as against Defendant law firm Saiontz, Kirk, & Miles, P.A.

("Saiontz").  Now before the court is Kresch's motion for reconsideration of the order

1

granting summary judgment for CLS.  For the reasons discussed below, Kresch's motion will be denied.

## II.  Legal Standard

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

## III.  Analysis[1]

### A.  Continuity of Use

Kresch puts forward a number of arguments in his motion, most of which were raised in the parties' earlier cross-motions for summary judgment.  A large part of Kresch's motion is devoted to the argument that CLS has not demonstrated continuous use of the "4MYCHILD" mark.  Kresch points to evidence indicating that CLS initially used the phone number 1-888-469-2445, advertised under the mnemonic 1-888-4MCYHILD, but sometime around 2000 changed its number to 1-*800*-469-2445, advertised as 1-*800*-4MYCHILD.  Kresch says that the change in the area code used in the mark disrupts CLS's continuous use of the mark and results in CLS losing priority in the mark.

---

[1] The facts are set forth in the Court's Memorandum and Order of February 29, 2008.

Kresch's argument fails to account for the "tacking rule" of trademark law. A well-known treatise describes the rule as follows: "Minor changes in a mark which do not change the basic, overall commercial impression created on buyers will not constitute any abandonment and will not interrupt the user's chain of ownership back to adoption and use of the original form." THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION § 17.27 (4th ed. 1998). The Sixth Circuit has endorsed this rule, holding that tacking is appropriate where the modified mark is "the legal equivalent of the [earlier mark] or indistinguishable therefrom such that consumers consider both as the same mark." Data Concepts, Inc. v. Digital Consulting, Inc., 150 F.3d 620, 623 (6th Cir. 1998) (citation and internal quotation marks omitted). The Sixth Circuit has noted that a finding of equivalence may be based on "the visual or aural appearance of the marks themselves." Id. The Ninth Circuit has explained that "[w]ithout tacking, a trademark owner's priority in his mark would be reduced each time he made the slightest alteration to the mark, which would discourage him from altering the mark in response to changing consumer preferences, evolving aesthetic developments, or new advertising and marketing styles." Brookfield Communications, Inc. v. West Coast Ent. Corp., 174 F.3d 1036, 1048 (9th Cir. 1999).

In this case, CLS's change from 1-888-4MCYHILD to 1-800-MYCHILD results in only a trivial alteration that would not have disrupted the overall commercial impression that observers gleaned from the mark. As such application of the tacking rule is appropriate, and CLS has priority from the date it began using the 1-888-4MYCHILD mark in commerce.

**B.  Secondary Meaning**

Kresch also argues that CLS should not be deemed to have priority in the mark since it has not proffered sufficient evidence of the mark's secondary meaning. However, evidence of secondary meaning is not necessary for CLS to prove its priority in the mark, since 1-888-4MYCHILD is a suggestive term, and "[g]enerally, proof of secondary meaning is not required with regard to a suggestive term."  Induct-O-Matic Corp. v. Inductotherm Corp., 747 F.2d 358, 364 (6th Cir. 1984).  Rather, suggestive marks are "protectable so long as the putative owner has actually used the mark." Tumblebus, Inc. v. Cranmer, 399 F.3d 754, 761 (6th Cir. 2005).

A suggestive mark "suggests rather than describes an ingredient or characteristic of the goods and requires the observer or listener to use imagination and perception to determine the nature of the goods."[2]  Induct-O-Matic, 747 F.2d at 362.  That is, a suggestive mark requires the observer to exercise a "degree of inferential reasoning...to discern" that the mark relates to the particular goods or services at issue.  Tumblebus, 399 F.3d at 763 (holding that "TUMBLEBUS" was a suggestive mark for a school bus retrofitted with gymnastics and other athletic equipment, since "the connection between 'tumble' and 'bus' is not so obvious that a consumer seeing TUMBELBUS in isolation would know that the term refers to mobile-gymnastics instruction, and not, for instance, a mobile laundry service using tumble dryers.").

Here, the 4MYCHILD mark, considered in isolation, does not obviously describe the provision of legal services related to medical malpractice during pregnancy and

---

[2] Of course, this case deals with a *service mark* rather than a *trademark* used to market goods, but the principle is the same in either case.

childbirth.  Rather, consumers would have to use their imagination to some extent to connect the mark with the services at issue.  This case is analogous to Tumblebus insofar as the mark at issue might plausibly be thought to refer to a number of other goods or services having to do with children.  Because the 4MYCHILD mark is suggestive and therefore evidence of secondary meaning is not required, Kresch's argument fails.

### IV.  Conclusion

Other arguments raised by Kresch were adequately addressed in the Court's earlier Memorandum and Order on summary judgment.  For the reasons stated above, Kresch's motion for reconsideration is DENIED.

SO ORDERED.


 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  April 25, 2008


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 25, 2008, by electronic and/or ordinary mail.


 s/Julie Owens
Case Manager, (313) 234-5160